HATTIE A. ESPEARGNETTE *vs.* EDWIN K. MERRILL.

Androscoggin.    Opinion November 8, 1910.

*New Trial. Motion in Supreme Judicial Court. Jurisdiction. Revised Statutes, chapter 79, sections 46, 53.*

The jurisdiction conferred upon the court as a court of law by Revised Statutes, chapter 79, section 46, over "cases in which there are motions for new trials upon evidence reported by the justice" is limited to cases of jury trials, and does not include cases submitted to the presiding Justice for decision without the aid of a jury.

On motion by defendant.    Dismissed.

Real action to foreclose a mortgage. Plea, the general issue. Heard by the presiding Justice, without a jury, who rendered judgment for the plaintiff as of mortgage and fixed the sum to be paid in order to redeem at $175. The defendant filed a general motion for a new trial.

The case is stated in the opinion.

*Oakes, Pulsifer & Ludden,* for plaintiff.

*Newell & Skelton,* for defendant.

SITTING: EMERY, C. J., PEABODY, SPEAR, CORNISH, KING, JJ.

EMERY, C. J. This was an action at law, a writ of entry. The plea was nul disseisin. The case was by agreement of parties sub-

mitted, without any reservations or stipulations, to the presiding Justice for decision without the aid of a jury, as authorized by R. S., ch. 79, sec. 53. The presiding Justice heard the case and awarded judgment for the plaintiff, whereupon the defendant filed a motion to have the decision set aside and a new trial ordered upon the ground that the decision was against the law and the evidence.

The motion cannot be considered. The Law Court has no jurisdiction over such a motion. R. S., ch. 79, sec. 46, does not include it. The parties selected their own tribunal, entrusted to that tribunal the final decision of their case and of all questions of law and fact involved, and authorized it to enter final judgment accordingly. That decision is not reviewable by the Law Court. No leave to except to rulings of law was reserved, and the presiding Justice was made by the parties the sole judge of the weight and effect of the evidence. They must abide by his judgment.

We think no citation of authorities is necessary to establish the above propositions.

*Motion dismissed.*